UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00145-LLK

DEBRA ALLEN                                                                                                         PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for social security disability benefits. Plaintiff consented to the jurisdiction of the undersigned magistrate judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.[1] The fact and law summaries of Plaintiff and Defendant are at Dockets Number ("DN") 14 and 15.

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's five arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

In April 2016, Plaintiff applied for social security disability benefits under Titles II and XVI of the Social Security Act, alleging she became disabled on October 1, 2015. [DN 9-2 at 13]. The ALJ found Plaintiff disabled as of September 20, 2017, her fifty-fifth birthday, pursuant to direct application of Grid

---

[1] Following Magistrate Judge Brennenstuhl's recusal, the Court reassigned the matter to the undersigned Magistrate Judge for all further proceedings. [DN 5]. In allowing Magistrate Judge Brennenstuhl decide the case [DN 11], Plaintiff impliedly consented to the jurisdiction of the undersigned. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (Implied consent found to be present where parties "voluntarily appeared to try the case before the Magistrate Judge," in part, to "depriv[e] parties of the luxury of waiting for the outcome before denying the magistrate judge's authority"); *Stevo v. Frasor*, 662 F.3d 880, 884 (7th Cir. 2011) (Upon case reassignment to a second magistrate judge, plaintiff's express consent to authority of first magistrate judge deemed implied consent to authority of second magistrate judge where plaintiff proceeded without objection); *Wilhelm v. Rotman*, 680 F.3d 1113, 1119-20 (9th Cir. 2012) (same).

Rule 202.06 of Appendix 2 of the regulations. *Id.* at 27. The ALJ found that Plaintiff was not disabled before September 20, 2017 because (although she could no longer perform any past relevant work) she retained the ability to perform a significant number of light jobs in the national economy (such as office helper, mail sorter, inspector). *Id.* at 24-26.

In July 2016, one-time examining licensed psychological practitioner (LPP), Marcy Walpert, M.A., examined Plaintiff at the Commissioner's request. Ms. Walpert submitted a narrative report. [DN 9-9 at 1062-66].

In November 2016, in light of Ms. Walpert's findings and the record as a whole, the Commissioner's non-examining program psychiatrist, Alex Guerrero, M.D., completed the Mental Residual Functional Capacity [RFC] Assessment consistently with the ALJ's mental RFC findings. [*Compare* DN 9-2 at 19; DN 9-3 at 139-42].

In November 2016, in light of the record as a whole, the Commissioner's non-examining program physician, Robert K. Brown, M.D., completed the Physical RFC Assessment consistently with the ALJ's physical RFC findings. [*Compare* DN 9-2 at 19; DN 9-3 at 137-39].

In July 2018, Plaintiff's treating advanced practice registered nurse (APRN), Kelsey Pedley, completed the Physical RFC Questionnaire in a manner that, if accepted, would preclude all full-time work. [DN 9-11 at 1872-76]. Among other things, the APRN found that Plaintiff can sit about 2 hours (total in an 8-hour working day) and can stand/walk less than 2 hours (total) and that Plaintiff would likely be absent from work more than 4 days per month as a result of her impairments or treatment. *Id.* at 1874-75.

The ALJ found that, before September 20, 2017, Plaintiff suffered from the following severe, or vocationally significant, impairments: breast cancer, chronic obstructive pulmonary disease (COPD), degenerative disc disease of the spine, obesity, anxiety disorder, and depression disorder. [DN 9-2 at 16]. The ALJ found that Plaintiff's physical impairments limited her to light work and that her mental impairments allowed her "to understand and remember at least simple tasks; concentrate and persist for

at least simple tasks; interact appropriately with supervisors and co-workers; and interact occasionally with the public." *Id.* at 19.  Additionally, the ALJ found Plaintiff could "adapt to changes in job duties and work assignments if the changes are infrequent and gradually introduced."  *Id.*

In making the above RFC findings, the ALJ gave "significant weight" to Dr. Brown's opinion, "very little weight" to the APRN's opinion, and "great weight" to the opinions of Ms. Walpert and Dr. Guerrero. [DN 9-2 at 23].

**Plaintiff's five arguments are unpersuasive.**

First, Plaintiff argues that "the ALJ failed to recognize the combined effects of [her physical and mental] impairments rendered her totally disabled as of October 1, 2015."  [DN 14-1 at 3].

Regarding her physical impairments, Plaintiff outlines an 18 bullet-point chronological summary of clinical diagnoses and other raw medical data from August 25, 2015 through July 26, 2017 (before September 20, 2017) and invites the Court to interpret the data in functional terms to conclude that Plaintiff was more limited than the ALJ found.  [DN 14-1 at 5-7].  The Court rejects Plaintiff's invitation. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) ("As a lay person, [neither the ALJ, nor Plaintiff, nor this Court is] qualified to interpret raw medical data in functional terms."); *Lee v. Comm'r*, 529 F. App'x 706, 713 (6th Cir. 2013) ("The mere diagnosis of [an impairment] ... says nothing about the severity of the condition.").

Regarding her mental impairments, Plaintiff indicates there is an inconsistency between the ALJ's decision to give "great weight" to Ms. Walpert's opinion and the fact that Ms. Walpert described Plaintiff's mental impairments as "chronic and debilitating and caus[ing] her significant impairment in her daily functioning."  [DN 9-2 at 23; DN 9-9 at 1066].  The argument is unpersuasive for two reasons.  First, in context, there is no inconsistency.  The concluding paragraph of Ms. Walpert's narrative report summarized Plaintiff's mental abilities/limitations:

> MEDICAL SOURCE STATEMENT:  The claimant was capable of understanding the tasks and instructions given during the exam.  The claimant was capable of remaining focused and put forth

3

> sufficient effort on the tasks asked of her.  The claimant was capable of performing most simple and repetitive tasks, as measured by the mental status exam.  The claimant's diagnoses of major depression, anxiety, and a panic disorder secondary to her physical health issues do seem to be chronic and debilitating and cause her significant impairment in her daily functioning.

[DN 9-9 at 1066].  Second, Ms. Walpert's findings were less specific than (though consistent with) Dr. Guerrero's mental RFC assessment.  [*Compare* DN 9-3 at 137-39; DN 9-9 at 1066].  Dr. Guerrero's findings were based, in part, on Ms. Walpert's findings, and the ALJ gave Dr. Guerrero's findings "great weigh."  [DN 9-2 at 23].

Second, Plaintiff argues that "there was no substantial evidence to support the ALJ's failure to give 'controlling weight' to the opinion of [her] treating provider, Kelsey Pedley, APRN."  [DN 14-1 at 7].

The argument is unpersuasive for three reasons.  First, the APRN gave her opinion in July 2018; and there is no indication the opinion relates back (to the relevant period here) before September 20, 2017.  [DN 9-11 at 1872-76].  Second, the ALJ correctly noted that APRNs are not acceptable medical sources.[2]  [DN 9-2 at 23 referencing Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2].  "[O]nly 'acceptable medical sources' can be considered treating sources ... whose medical opinions may be entitled to controlling weight."  SSR 06-03p (citing 20 C.F.R. § 404.1527(c)(2)).  Third, a treating source's medical opinion is entitled to controlling weight only if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record."  20 C.F.R. § 404.1527(c)(2).  The APRN did not identify objective medical evidence supporting her opinion that Plaintiff has disabling limitations that would preclude all full-time work.[3]

---

[2] While recent changes to the regulations now include APRNs among the list of "acceptable medical sources," the changes are expressly not retroactive. *See* 20 C.F.R. § 404.1502(a)(7) ("Acceptable medical source means a medical source who is a[n] ... [APRN] ... for impairments within his or her licensed scope of practice ... only with respect to claims filed ... on or after March 27, 2017.").  Plaintiff filed her claims in April 2016.  [DN 9-2 at 13].

[3] According to the Commissioner:  "[The APRN's] physical examination repeatedly showed no movement abnormalities, full muscle strength, no swelling, no atrophy, no joint redness, normal deep tendon reflexes, and no spasm (Tr. 1386, 1391, 1391, 1399, 1403-1404, 1411-1412, 1414-1415, 14919, 1452, 1865, 1870).  The ALJ documented that multiple CT scans and MRIs showed only mild to moderate findings consistent with light work (Tr. 20-21, 520, 522, 523, 1098-1099)."  [DN 15 at 23].

Third, Plaintiff argues that "the ALJ erred in failing to accept [her] testimony as fully credible and in failing to state sufficient reason for [not] doing so." [DN 14-1 at 8].

The argument is unpersuasive for three reasons.  First, An ALJ's credibility assessment must be accorded great weight and deference." *Workman v. Comm'r*, 105 F. App'x 794, 801 (6th Cir. 2004).  "We have held that an [ALJ's] credibility findings are virtually unchallengeable" absent compelling reasons. *Ritchie v. Comm'r*, 540 F. App'x 508, 511 (6th Cir. 2013).  Plaintiff identifies no compelling reasons for disturbing the ALJ's credibility findings.  Second, to the extent Plaintiff's position is that the ALJ's credibility findings lacked specificity, there was no error because, in 2016, the Social Security Administration promulgated Social Security Ruling (SSR) 16-3p, which states that (going forward) references to "credibility" should be avoided because "subjective symptom evaluation is not an examination of an individual's character."  SSR 16-3p, 2016 WL 1119029, *1.  Third, in determining Plaintiff's RFC, the ALJ properly took into account Plaintiff's limitations due to pain and other subjective symptoms.  [DN 9-2 at 19-20].

Fourth, Plaintiff argues that "there was no substantial evidence to support the ALJ's finding that [prior to September 27, 2017, her] condition would have allowed her to perform light work."  [DN 14-1 at 10].

The argument is unpersuasive because, in finding that Plaintiff has an RFC for a limited range of light work, the ALJ gave "significant weight" to the opinion of the Commissioner's non-examining program physician, Robert K. Brown, M.D.  [DN 9-2 at 23; DN 9-3 at 137-39].  Dr. Brown's opinion provided substantial evidence in support of the ALJ's RFC finding because, as the ALJ noted, Dr. Brown was "familiar with the rules of the disability program."  [DN 9-2 at 23].  The regulations recognize that program physicians such as Dr. Brown are "highly qualified physicians … who are also experts in Social Security disability evaluation."  20 C.F.R. § 404.1527(e)(2)(i) (effective Aug. 24, 2012 to Mar. 26, 2017); *see also*

*Lucido v. Comm'r*, 121 F. App'x 619, 622 (6th Cir. 2005) ("[T]he reviewing physicians … have the strongest claims to neutrality.").[4]

Fifth, Plaintiff argues that "the ALJ should have issued a GRID ruling in this case with an onset date of October 1, 2015." [DN 14-1 at 11].

The argument is unpersuasive because the ALJ found Plaintiff disabled as of September 20, 2017, her fifty-fifth birthday, pursuant to direct application of Grid Rule 202.06 of Appendix 2 of the regulations. [DN 9-2 at 27]. Grid Rule 202.06 contemplates, among other things, an individual of advanced age (i.e., age 55 or over) and having a maximum sustained work capability limited to light work. The corresponding rule for an individual closely approaching advanced age (i.e., not yet age 55) is Grid Rule 202.14, and it directs an ultimate finding of "not disabled." In finding Plaintiff not disabled before September 20, 2017, the ALJ cited Grid Rule 202.14 as a framework for decisionmaking. [DN 9-2 at 25]. Only if Plaintiff were limited to sedentary work would Grid Rule 201.14 direct an ultimate finding of "disabled." Substantial evidence supported the ALJ's finding that, prior to September 27, 2017, Plaintiff could perform light work.

**Order**

Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and Plaintiff's five arguments are unpersuasive, the Commissioner's final decision is hereby AFFIRMED and Plaintiff's complaint is DISMISSED.

May 28, 2020

Lanny King, Magistrate Judge
United States District Court

---

[4] As previously stated, the ALJ was not required to defer to the APRN's opinion, which, if accepted, would preclude performance of all full-time work.